**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **AKEEM HARRIS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-2628-B-BK** |
| | § | |
| **DALLAS COUNTY,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

## I. BACKGROUND

On August 5, 2026, Plaintiff Akeem Harris, a resident of Seattle, Washington, filed a complaint against Defendants Dallas County and Dallas County Jail Officers Moore, Henderson, and John Does. Doc. 3 at 1. Harris alleges Defendants denied his Fourteenth and First Amendment rights on September 14, 2023, when he was a pretrial detainee at the Dallas County Jail. Doc. 3 at 1-2. He asserts Moore and the John Does used excessive force by unreasonably using OC spray (pepper spray) in response to his request for assistance after he was detained in an holdover cell for an extended period of time. Doc. 3 at 2. Harris also alleges that Officer Henderson failed to intervene in violation of his constitutional rights, and that all four officers

violated his First Amendment rights because Harris only sought to use "the facility's internal intercom communication system to verbally report severe deprivations of basic human needs[.]" Doc. 3 at 2. Harris seeks compensatory and punitive damages and declaratory relief.

**II. ANALYSIS**

Because Harris is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Harris' complaint fails to state a claim.

Harris civil rights claims are barred by the statute of limitations. He maintains the events at issue occurred on September 14, 2023. Doc. 3 at 2-3. Thus, the deadline to file suit for civil rights violations was two years later—Sunday, September 14, 2025, extended to Monday, September 15, 2025. *See* FED. R. CIV. P. 6(a); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (concluding § 1983 actions in Texas are governed by the two-year personal injury

limitations period and courts can raise the affirmative defense of the statute of limitations *sua sponte* in *in forma pauperis* actions). However, August 5, 2026, is the earliest possible date on which Harris original complaint was filed in this case—more than ten months after the expiration of the applicable limitations' period.

Harris cannot demonstrate that he is entitled to equitable tolling of the statute of limitations period because of a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE § 16.001(a) ("[A] person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). And his imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Accordingly, Harris' complaint fails to state a plausible claim to relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (concluding that when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

**III. LEAVE TO AMEND**

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As discussed here, Harris' claims are fatally infirm, and his untimely filing cannot be cured by amendment. Thus, the Court concludes that Harris has already pled his best case and granting leave to amend would be futile and cause needless delay.

**IV. SANCTION WARNING**

Harris has filed three actions *in forma pauperis* in this Court, and each was dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2). *See Harris v. Farmers Branch Police Dep't*, No. 3:23-cv-00451-B-BK, 2023 WL 3437306, at *4 (N.D. Tex. Apr. 24, 2023), *rec. accepted*, 2023 WL 3441564, at *1 (N.D. Tex. June 15, 2023); *Harris v. City of Grand Prairie*, No. 3:23-cv-00813-B-BN, 2023 WL 3984665 (N.D. Tex. May 25, 2023), *rec. accepted*, 2023 WL 3984839, at *1 (N.D. Tex. June 13, 2023); *Harris v. United States of America*, No. 3:23-cv-00451-B-BK, 2023 WL 6150269, at *1 (N.D. Tex. July 31, 2023), *rec. accepted*, 2023 WL 6149233, at *1 (N.D. Tex. Sep. 20, 2023). Considering his filing history, Harris should be warned that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) authorizing the imposition of sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

For all these reasons, Harris' action should be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Harris should also be **WARNED** that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from filing any future lawsuits. *See* FED. R. CIV. P. 11(b)(2) and (c)(1).

**SO RECOMMENDED** on August 27, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).